**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50276 |
| Plaintiff-Appellee, | D.C. No. 5:18-cr-00341-PA-1 |
| v. | |
| BRIAN JACKSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Brian Jackson appeals from the district court's order affirming his

conviction for driving under the influence ("DUI"), in violation of 18 U.S.C. § 13

and California Vehicle Code § 23152(a). We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Jackson contends that the government did not prove beyond a reasonable doubt that his "ability to drive safely was impaired because he had consumed alcohol," as required for a generic DUI conviction. *People v. McNeal*, 46 Cal. 4th 1183, 1188 (2009). We disagree.

The evidence at trial established, in relevant part, that during his interaction with police officers, Jackson: (1) had slurred speech, watery eyes, and breath that smelled of alcoholic beverages; (2) had difficulty finding his wallet and pulling out the correct card in response to the officers' request to produce a driver's license; (3) admitted to the officers that he had been drinking and was drunk; (4) refused the officers' requests to exit the vehicle, and instead drove the vehicle from the driveway into the garage, despite the fact that two officers were standing on either side of the car, loudly and repeatedly telling Jackson to stop the vehicle; and (5) had difficulty standing and walking, and stumbled while officers led him away from the vehicle.

Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Jackson's ability to drive safely was impaired because he had consumed alcohol. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).

**AFFIRMED.**

19-50276